Hamilton & Kramer, for American Laundry & Dry Cleaning Company.

W. H. Jones, Columbus, for Kottmier.

## AMERICAN LAUNDRY & DRY CLEANING CO v KOTTMIER

Ohio Appeals, 2nd Dist, Franklin Co

No. 1956. Decided Sept 26, 1930

**HORNBECK, J.**

The action of the court, however, does clearly require a determination of another question raised by the petition in error, namely, does the petition state a cause of action? It will be observed that there is no direct allegation in the petition that the servant and agent of the defendant was acting within the scope of his authority at the time the truck struck and collided with the automobile of the plaintiff. Is this fatal to the sufficiency of the pleadings?

At this juncture of the case, in view of the fact that it has proceeded to judgment without motion to make definite or demurrer, and after the taking of testimony, we should give the most favorable interpretation of the petition to the plaintiff which the language will permit. So doing, we believe the language of the petition is susceptible of this interpretation, "that the delivery truck, belonging to the defendant and driven by its servant and agent (**acting as such agent**), carelessly and negligently struck and collided with said automobile of the plaintiff," etc.

If the driver of the truck were operating it in his individual capacity or without the scope of his agency, then he was not driving it as the agent of the defendant company. The petition states a cause of action.

Upon the reopening of the case plaintiff called H. C. Troxell, who was manager of the defendant company. The record at the beginning of the witness' testimony discloses that he was called for the purpose of cross-examination, but only a few questions had been propounded to him when the following appears:

Mr. Jones: Let the record show that we are calling this witness for purposes of cross-examination.

Mr. Kramer: I want to object to the record showing that. The plaintiff placed this man here on the stand and made him his own witness. After he finds out what the witness is going to testify he can't change the record to show he is calling him for cross-examination.

The Court: Well, I will let him answer.

Mr. Kramer: What I was inquiring about, if the court please, was whether he was answering as plaintiff's witness or on cross-examination?

The Court: The court is of the opinion that he is the witness of the plaintiff.

Q. (By Mr. Jones): I hand you a document here which purports to be the answer to The American Laundry & Dry Cleaning Company in this case and call your attention to that signature down there; I will ask you whether or not that is your signature:

A. It is my signature; yes, that is my signature.

Mr. Kramer: I want to note an **objection** to this line of inquiry. That is in the nature of cross-examination of the plaintiff's own witness.

The Court: I think we might as well get straightened out on this before we go any further. I will overrule the **objection**.

Mr. Kramer: Note an exception.

It is claimed that the court erred in permitting the witness Troxell to be called as upon cross-examination under the statute. The plaintiff did not have the right to use the witness under the statute for that purpose. But a careful examination of so much of the portion of the record as has heretofore been quoted supports the conclusion of the court, who, in the only statement on the matter, expressly held that the witness was the witness of the plaintiff and not upon cross-examination. The court was exercising its right, as it was correct in doing, to permit wide latitude in questioning a witness who admittedly was the manager of the defendant company.

It may be possible that the court had in mind a purpose to hold that the witness was properly on the stand for cross-examination, but the record does not sustain that conclusion. The last objection made, and to which the court would seem to have referred at the bottom of page 33, relates particularly to the method of examination rather than to the capacity in which the witness was on the stand.

The more difficult question, and the one which is urged with most force, arises upon the evidence adduced in support of the plaintiff's case.

The defendant offered no testimony whatever, resting its case upon the insufficiency of the proof tendered by the plaintiff. It is claimed that the evidence fails to disclose either the agency of Thomas Mahoney to operate a truck of the defendant company, or, that he was operating said truck on the date of the collision within the scope of his authority or about his master's business.

The most favorable legal intendment must be given to the plaintiff's testimony upon a determination of these questions. As the record appeared at the conclusion of plaintiff's testimony the following inferences, we believe, could have been drawn therefrom: That the defendant company owned the truck. That is true, because Troxell, as manager of the company, testified that the defendant company did own trucks which carried upon their sides the name The American Laundry & Dry Cleaning Company, and the plaintiff testified that the truck which collided with his automobile was so lettered. Under the decision in the case of Sobolovitz v Lubric Oil Company, 107 Oh St, 204, this inference is justified.

That one of the duties of Thomas Mahoney, when in the employ of the defendant company, was to drive a truck for the defendant company in its business activities between its branches and two of its plants.

That the accident occurred during business hours on the date set out in the petition, on a street in the City of Columbus. From this direct testimony of Troxell, the inference is justified that, if Mahoney were in the employ of defendant company on the day of the collision, inasmuch as he was driving a truck of the defendant company, and one of his regular duties was to drive it about the master's business, that he was so acting at the time of the collision. This inference is in no sense drawn from the mere fact that the truck bore the name of the defendant company, and may be clearly distinguished from the facts in Sobolovitz case in that particular. In the Sobolovitz case, it was sought to indulge an inference upon an inference, both ownership and agency, from the testimony that the truck which struck Sobolovitz bore the name The Lubric Company.

The case of **The White Oak Coal Company v Rivoux, 88 Oh St, 18**, is cited by the defendant as authority for the claim of insufficiency of the testimony to justify the inference that the agent was driving the automobile with authority from his principal. However, a distinction which this case affords is recognized in the Rivoux case, at page 29, where the court says:

"In the case at bar, while ownership in the defendant was established, yet there was no evidence tending to show that, at the time of the accident, the automobile was operated by a person employed or authorized to operate the same."

Here there was express testimony that Mahoney was authorized to operate the trucks of the defendant company, and again at page 32 this language:

"Nor do we think that proof of the additional fact that the operator was an employe of the owner raises a presumption of negligence against him, **unless it appears that the duties of the employe are in connection with the automobile or that he was operating the same with the authority—express or implied—of the owner.**"

In the Rivoux case it clearly appears that the operator of the automobile at the time of the accident was not authorized to drive it. On the contrary, that all his duties were confined to inside office work.

Notwithstanding our obligation to sustain the judgment of the lower courts, if it can be done, there is one insurmountable difficulty which clearly appears of record,—It was the obligation of the plaintiff to estab-

lish that at the time of the collision between the truck and his automobile the driver of the truck was then the agent or servant of the defendant company. All that appears upon this vital question in this record is found in the questions put to the witness Troxell and answers thereto on page 32 of the record:

"Q. How long have you been connected with that Company? (Referring to defendant company).

A. Three years.

Q. In what capacity?

A. Manager.

Q. I will ask you whether or not you had an employee by the name of Thomas Mahoney last summer?

A. Yes, sir."

It seems evident that to indulge the inference that because the defendant company had one Thomas Mahoney in its employ last summer, which was the summer of 1929, that he was in such employ on the 15th of July, 1929, is not justified. He might have been so employed every other day during that period and not have sustained that relationship on the day in question. He might have been employed one day during three months of that summer and not have sustained that relationship on the day in question. This is entirely too uncertain and does not meet the requirements of proof upon this material matter. It would have required but one or two questions to have determined definitely the ultimate fact to be proven. The records of the company were available to the plaintiff and they would have established beyond peradventure of a doubt whether or not Thomas Mahoney was the agent of the defendant on the 15th day of July, 1929.

We do not find any other prejudicial error in this record save that to which we have here directed attention.

Because of the manifest insufficiency of proof in the particular herein discussed, we are compelled to reverse the judgment of the Common Pleas Court which is done, and the cause will be remanded for a new trial.

KUNKLE, PJ, ALLREAD, J, concur.